IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN CROMIE, TANISHA TUTSON, and RUTHY HARRIS, individually and on behalf of all similarly situated individuals, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:22-cv-03950<br><br>Hon. Harry D. Leinenweber |
| Plaintiffs, | | |
| v. | | |
| ALLSTATE INSURANCE COMPANY, an Illinois insurance company, | | |
| Defendant. | | |

**JOINT INITIAL STATUS REPORT**

Pursuant to the Court's August 19, 2022 Minute Entry (ECF No. 3), Plaintiffs Tanisha Tutson and Ruthy Harris ("Plaintiffs") and Defendant Allstate Insurance Company ("Allstate" and, together with Plaintiffs, the "Parties"), respectfully submit this Joint Initial Status Report.

**I.  NATURE AND SCOPE OF THE CASE**

On July 29, 2022, Plaintiffs[1] filed a putative Class Action Complaint ("Complaint") (ECF No. 1) alleging that Allstate placed telemarketing telephone calls or caused telemarking telephone calls to be placed by Allstate's agents to Plaintiffs using an artificial or prerecorded voice and without their prior express written consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii). In the Complaint, Plaintiffs seek damages and declaratory and injunctive relief, on behalf of themselves and a class of similarly situated individuals (the "Prerecorded No Consent Class"). On October 30, 2022, Allstate filed an Answer (ECF No. 15) to the Complaint, denying Plaintiffs' allegations and asserting various affirmative defenses.

---

[1] Steven Cromie was originally joined to this matter as a third Plaintiff, but he has since been voluntarily dismissed from this case. *See* ECF No. 16.

**II.     SETTLEMENT**

The Parties have not yet discussed the possibilities for a potential settlement, and significant factual and legal disputes remain. Accordingly, the Parties do not believe a settlement conference with the Court would be productive at this time.

**III.    DISCOVERY & SCHEDULING**

The Parties agree that a threshold question for discovery is to identify the complained-of calls and the caller(s) who placed the complained-of calls. Plaintiffs anticipate potentially amending their Complaint to add such telemarketers to the Complaint once they are identified.

Based on its initial investigation, Allstate has been unable to identify to identify any of the calls that Plaintiff Harris alleges in the Complaint that she has received. In addition, records of possible third-party calls to Plaintiff Tutson are inconsistent with the calls she alleges in the Complaint. To date, Allstate has not identified calls from Allstate to Plaintiffs.

Accordingly, the Parties agree that the most efficient path forward is to initially focus discovery on identifying the relevant caller(s) who called Plaintiffs, their relationship(s) (if any) with Allstate, and the circumstances of the calls Plaintiffs received. This will permit the Parties to implead any relevant third-party callers and/or serve appropriate third-party discovery.

The Parties jointly propose the following schedule:

| | |
|---|---|
| **October 20, 2022:** | Beginning of discovery |
| **November 3, 2022:** | Parties' initial Rule 26 disclosures |
| **November 3, 2022:** | Allstate to serve third-party subpoenas for phone records to Plaintiffs' telephone carriers |
| **December 16, 2022:** | Allstate to voluntarily disclose identities of known caller(s) who placed calls to Plaintiffs[2] |

---

[2] This deadline assumes prompt production of Plaintiffs' phone records by their carriers, and the Parties will meet and confer in good faith to adjust this deadline if production is delayed. Within

| | |
|---|---|
| **January 30, 2023:** | Deadline to amend complaint |
| **May 31, 2023:** | Close of fact discovery |
| **June 30, 2023:** | Opening expert reports |
| **July 28, 2023:** | Rebuttal expert reports |
| **August 11, 2023:** | Reply expert reports |
| **August 18, 2023:** | Close of expert discovery |

IV. **NON-CONSENT TO MAGISTRATE**

The Parties do not consent to proceed before a magistrate judge.

---

7 days of production, the Parties will confer in good faith for Plaintiffs to identify the calls upon which they bring their Complaint.

Dated: October 12, 2022                    Respectfully submitted,

/s/ *Steven L. Woodrow (w/ consent)*
Steven L. Woodrow

Steven L. Woodrow
swoodrow@woodrowpeluso.com
Patrick H. Peluso
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Tel: 720-213-0675
Fax: 303-927-0809

*Counsel for Plaintiffs*

/s/ *Andrew D. Prins*
Andrew D. Prins

Russell Mangas (Bar No. 6306495)
russell.mangas@lw.com
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

Andrew D. Prins (*pro hac vice*)
andrew.prins@lw.com
Nicholas L. Schlossman (*pro hac vice*)
nicholas.schlossman@lw.com
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

*Counsel for Allstate Insurance Company*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 12, 2022, I filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send electronic notification of such filing to all counsel of record.

      /s/ *Andrew D. Prins*

      Andrew D. Prins